■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LOMBARD, Appellant.— Order, entered on March 15, 1961, denying, after a hearing, defendant's *coram nobis* application to vacate a judgment of conviction, rendered in the Court of Special Sessions in 1926 for petit larceny, unanimously reversed on the law and the facts, and the matter remitted to the Criminal Court of the City of New York for a further hearing and further proceedings not inconsistent herewith. Defendant predicates his claim for relief on assertions that he pleaded guilty to a misdemeanor in 1926 and that he was not then advised of his right to counsel nor was he represented by counsel at any stage of the proceedings. The only evidence introduced at the hearing, in opposition to defendant's application, was the Special Sessions docket book, which was silent on the question of representation by counsel, and a certificate from the County Clerk that all papers in the case

had been destroyed except the docket book. In *People* v. *Page* (12 A D 2d 984) although there was no direct, affirmative testimony contradicting the defendant's claim that he was not advised of his right to counsel, there was proof by the Clerk of the court of the standard procedure in the court at the time of the conviction with regard to inquiry as to whether a defendant had counsel or wanted counsel to be assigned. In *People* v. *Conklin* (19 A D 2d 536) a hearing was ordered to require the People to come forward with some proof to sustain the regularity of the conviction, or to show the unavailability of such proof, or to prove the contemporaneous practice of apprising every defendant of his right to counsel. We have concluded that there must be other sources or records, i.e., records of the penitentiary to which defendant was sentenced, from which defendant's contention that there was no trial but that he pleaded guilty, could be rebutted. Moreover, even though the records of Special Sessions other than the docket book have been destroyed, there should be no difficulty in obtaining testimony as to the contemporaneous practice, if it existed, regarding notification to defendants of their right to counsel. Even though the conviction attacked herein is of long standing, and the record made by defendant on the instant appeal may not be sufficiently strong to overcome the presumption of regularity, it would seem that a new hearing should be had, in the interest of justice, to permit the People to explore other areas for further proof as suggested hereinabove. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.